# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GALENE Y. GOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04-CV-673-SAJ |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

### OPINION AND 0RDER[1]

Pursuant to 42 U.S.C. § 405(g), Plaintiff appeals the decision of the Commissioner denying Social Security benefits.[2] Plaintiff asserts that the Commissioner erred because the decision is not supported by substantial evidence in its findings of fact or conclusions of law. For the reasons set forth herein, the Court finds the Commissioner's determination is reversed and remanded.

### 1. PROCEDURAL HISTORY

On August 12, 2002, Claimant filed an application for Supplemental Security Income payments, claiming an onset of disability date of August 12, 2002, which was denied initially and on reconsideration. Request for hearing was timely filed and hearing was held

---

[1] This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

[2] Administrative Law Judge Richard Kallsnick (hereafter "ALJ") concluded that Plaintiff was not disabled by decision dated April 7, 2004. [R. 17]. Plaintiff appealed the decision by the ALJ to the Appeals Council. The Appeals Council declined Plaintiff's request for review on July 9, 2004. [R. 5].

on March 10, 2004. Claimant testified as well as vocational expert Angarad Young. Claimant was represented by counsel at the hearing. Decision was entered on April 7, 2004, denying Claimant's application. The decision became final and appealable for purposes of judicial review when the Appeals Council declined review.

## 2. SOCIAL SECURITY LAW AND STANDARD OF REVIEW

The Commissioner has established a five-step process for the evaluation of social security claims. *See* 20 C.F.R. § 404.1520. Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . .

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy. . . .

42 U.S.C. § 423(d)(2)(A).[3]

The Commissioner's disability determinations are reviewed to determine (1) if the

---

[3] Step One requires the claimant to establish that he is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 404.1510 and 404.1572). Step Two requires that the claimant demonstrate that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See* 20 C.F.R. § 1521. If claimant is engaged in substantial gainful activity (Step One) or if claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"). If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, claimant is presumed disabled. If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that his impairment or the combination of impairments prevents him from performing his past relevant work. A claimant is not disabled if the claimant can perform his past work. If a claimant is unable to perform his previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of his age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy. If a claimant has the RFC to perform an alternate work activity, disability benefits are denied. *See* *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

correct legal principles have been followed, and (2) if the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo*. *Sisco v. United States Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). The Court will not reweigh the evidence or substitute its judgment for that of the Commissioner. *Qualls v. Apfel*, 206 F.3d 1368 (10th Cir. 2000); *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational. *Williams*, 844 F.2d at 750; *Holloway v. Heckler*, 607 F. Supp. 71, 72 (D. Kan. 1985).

"The finding of the Secretary[4] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is that amount and type of evidence that a reasonable mind will accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Williams*, 844 F.2d at 750. In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Williams*, 844 F.2d at 750.

This Court must also determine whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). The

---

[4] Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. For the purpose of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner."

Commissioner's decision will be reversed when he uses the wrong legal standard or fails to clearly demonstrate reliance on the correct legal standards.  *Glass*, 43 F.3d at 1395.

### 3.  BACKGROUND

Initially, Claimant urged she had been disabled since March 12, 1992. At hearing, Claimant amended the date of onset to the date of filing her most recent application, August 12, 2002. Claimant alleges she is disabled due to depression, back injury, obesity, and learning disability.

Claimant was a thirty-four year old mother of four at the time of the hearing.  She dropped out of high school in the eleventh grade. Her medical records contain inconsistent medical histories as related by her. She has a sporatic work history and reasons given for leaving various jobs are not consistently reported in the records. Records available at the hearing and shortly thereafter indicate she has had mental issues a substantial portion of her life. Claimant was a 5'3" woman weighing 150 pounds in the fall of 1996, at which time she voluntarily admitted herself to Parkside Hospital, complaining that she needed help and medication for her nerves, a continuing theme throughout her medical history. Medical records in January, 2001, indicate her weight to be 231. Another continuing theme is vague responses to questions. She is distrustful of persons. Claimant reports episodes of rape, one as a child by a relative, for which she sought treatment at an unspecified time from Childrens Medical Center.  She also reported she was unsure of her marital status. She had an alcoholic father and reports a physically and mentally abusive husband who was incarcerated in 1996. Also in 1996, DHS removed her four children from her home on suspicion of child abuse and neglect. Records indicate she called DHS and told them if they didn't come get the kids, she would kill them, although she denies this. Her testimony at the

hearing before the ALJ was rambling and unresponsive to many questions, another theme consistently appearing throughout her records.

The ALJ found Claimant's severe impairments consisted of a lumbodorsal strain, exogenous obesity, and adjustment disorder with depressed mood. He found she did not have any disorder or combination of disorders that met or equaled in severity any of the medical "Listings" under Appendix 1 to Subpart P of Regulations Number 4 for presumptive disability. The ALJ further determined Claimant was not fully credible and retained residual functional capacity to lift/carry 20 pounds occasionally or 10 pounds frequently, could stand/walk or sit for 6 hours during an 8 hours workday with normal breaks, could operate hand and foot controls, and had no postural, manipulative, communicative, environmental, or visual limitations. The ALJ found Claimant was mentally able to understand, remember, and carry out simple instructions for unskilled work but was limited to minimal contact with the general public, even though able to relate to co-workers and supervisors for work-related purposes, and she could adapt to work situations. The ALJ addressed her psychological symptoms as varied but found she could be attentive and carry out work satisfactorily. He found her medications did not preclude her from work when used appropriately. The ALJ concluded, relying upon the vocational expert testimony, that Claimant could perform her past work as a fishing reel assembler and that she could perform other work that existed in significant numbers in the national economy and was therefore not disabled.

## 4.  ARGUMENT AND AUTHORITY

Claimant urges three grounds for review. First, she asserts that the ALJ failed to perform a proper determination at step three of the sequential evaluation process. Second,

she alleges the ALJ failed to perform a proper credibility determination. Finally, she urges the ALJ failed to demonstrate that Claimant could work at steps four and five of the sequential evaluation process. Because the Court finds the first issue to be dispositive, the remaining issues need not be addressed.

Claimant urges the ALJ erred because he did not mention or explain why Claimant does not meet a musculoskeletal or affective disorder listed impairment as required by *Clifton v. Charter*, 79 F.3d 1007 (10th Cir.1996) and 20 CFR § 404.1526. Claimant urges the ALJ did not mention even one listed impairment that he had considered, which is improper, particularly where a step three error can taint the analysis at subsequent steps. Claimant also states the ALJ improperly failed to explain what evidence he considered for his conclusion regarding Claimant's paragraph B domain limitations.

Claimant initially complains that certain findings, on which the decision of the ALJ is based, are unsupported by the record. The ALJ, for instance, found Claimant's treating physician, Susanne Thompson, did not report any back spasms during treatments from 4/17/03 through 2/9/04, but failed to mention that treatment notes from December, 2002, indicate back pain.  Additionally, notes during the time period referenced from Dr. Thompson, dated 12/09/03, indicate a complaint of back pain.

Records were available from Dr. Robert Harris from June 2002 through September, 2002. X-Rays taken demonstrated degenerative changes in the facet joints of L4-L5 and L5-S1, and mild disc space narrowing at the L5-S1 level. An MRI was suggested but apparently never performed. Claimant also was prescribed Flexeril by Dr. English in the

spring of 2002.[5/]

In light of these medical records and Claimant's assertion that she had a back injury from previous work that caused her to be determined to be 27% disabled in a workers' compensation claim, her complaints of back pain cannot be said to be without medical support.[6/] Further, the duty of the ALJ to fully develop medical record is heightened when claimant is under a mental disability. *Bosquet v. Apfel*, 118 F. Supp2d. 1049 (C.D. Cal.2000).

The Court concludes the failure to develop the medical record as to Claimant's back pain taints the findings of the ALJ at step three to such a degree that the findings made cannot be found to be supported by substantial evidence in the record. The Court notes subsequent findings are also impacted, in particular credibility determinations under *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987).

Accordingly, the ALJ's decision is reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED THIS 28TH DAY OF SEPTEMBER, 2005.

Sam A. Joyner
United States Magistrate Judge

---

[5/]   Although Dr. English's records are almost illegible, the Court was able to determine Flexeril was prescribed.

[6/]   Records of this should be reasonably available.